IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN POLITRON, et al. | ) |
| | ) |
| v. | ) NO. 3-11-0028 |
| | ) JUDGE CAMPBELL |
| WORLDWIDE DOMESTIC | ) |
| SERVICES, LLC, et al. | ) |

MEMORANDUM

Pending before the Court are Defendant Brinker International Payroll Company's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 15) and Defendant's Motion to Strike Plaintiffs' Amended Response (Docket No. 25). Defendant's Motion to Strike is DENIED and, for the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.

FACTS

Plaintiffs filed this action for unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs' Amended Complaint alleges that Plaintiffs were hired by Defendant Worldwide Domestic Services, Inc. ("Worldwide") during the time period of October 2010 to December 2010 to clean Chili's restaurants in the Middle Tennessee area. Plaintiffs claim that they cleaned the restaurants after hours, when the businesses were closed, and they cleaned only Chili's restaurants. Plaintiffs assert that Worldwide promised to pay each Plaintiff ten dollars ($10) per hour for their time spent cleaning Chili's restaurants and also promised to reimburse Plaintiffs for their transportation to the restaurants.

Plaintiffs contend that in early November 2010, paychecks issued to the Plaintiffs by Worldwide bounced due to insufficient funds. Plaintiffs state that, although Worldwide's owner promised to pay them, Worldwide willfully refused in bad faith to compensate Plaintiffs for their

1

wages earned. Plaintiffs allege that Defendants' failure to pay Plaintiffs at least minimum wage for each hour worked is a violation of the FLSA and that Defendants Worldwide, Elite Commercial Cleaning, LLC and Chili's, Inc. were "joint employers" under the FLSA.

Defendant Brinker International Payroll Company ("Brinker") contends that it is incorrectly identified in the Amended Complaint as Chili's, Inc. Brinker has moved to dismiss the claims against it, arguing that it was never an employer of the Plaintiffs.[1]

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## JOINT EMPLOYERS

---

[1] Brinker asserts that it contracted with Worldwide to provide after hours janitorial services to Chili's restaurants throughout Middle Tennessee.

The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA. *Dole v. Elliott Travel & Tours, Inc.,* 942 F2d 962, 965 (6th Cir. 1991). Whether a party is an employer within the meaning of the FLSA is a legal determination. *Id.* In deciding whether a party is an employer, "economic reality" controls rather than common law concepts of agency. *Id.*; *Keeton v. Time Warner Cable*, 2010 WL 2076813 at * 2 (S.D. Ohio May 24, 2010). The issue of joint employment for the FLSA depends upon all the facts in the particular case and is largely an issue of control. *Id.*

The parties here agree that the Sixth Circuit Court of Appeals has not formulated or identified a test for determining whether a joint employment relationship exists in the context of the FLSA. Although not dispositive with respect to the FLSA, the Sixth Circuit, in the context of Title VII, has considered three potential factors which can bear on whether an entity, which is not the formal employer, may be considered a joint employer: exercise of authority to hire, fire and discipline; control over pay and insurance; and supervision. *Keeton*, 2010 WL 2076813 at *2.

The Fourth Circuit Court of Appeals considers a nine-factor test for "joint employers" under language identical to the FLSA but found in the Agricultural Workers Protection Act. Those factors include: (1) ownership of the property and facilities where the work occurred; (2) degree of skill required to perform the job; (3) investment in equipment and facilities; (4) permanency and exclusivity of employment; (5) nature and degree of control of the workers; (6) degree of supervision, direct and indirect, of the work; (7) power to determine the pay rates or the methods of payment of the workers; (8) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; and (9) preparation of payroll records and payment of wages. *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 774 (D. Md. 2008).

3

The Ninth Circuit Court of Appeals devised a four-factor test to determine if a joint employer relationship exists, asking whether the purported employer (1) had the power to hire and fire the employees; (2) supervised/controlled the employees' work schedules or conditions of employment; (3) determined the rate/method of payment; and (4) maintained employment records. *Quinteros, 532 F.Supp.2d at 774-75 (citing Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

In *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61 (2d Cir. 2003), the Second Circuit Court of Appeals found that where employees work for the purported joint employer only to the extent that their direct employer is hired by that entity, this factor does not support a joint employment relationship. *Id*. at 74. The *Zheng* court also noted that the FLSA should not be interpreted to subsume typical outsourcing relationships. *Id*. at 76.[2]

Here, the Court finds that the agreement between Brinker and Worldwide, as alleged in Plaintiffs' Amended Complaint, was an outsourcing type of relationship. Worldwide contracted with Brinker to have its restaurants cleaned after hours. Plaintiffs admit that they worked at the direction of Worldwide. Plaintiffs' work was dependent upon Worldwide's ability to get and keep contracts for cleaning. Plaintiffs agree that no one from Brinker supervised, trained or directed them; no Brinker employees were even present when Plaintiffs worked. Brinker had no control over their wages, no authority to hire, fire or discipline them, and kept no employment records for Plaintiffs. Plaintiffs received their relevant income tax information from Worldwide or from

---

[2] The Fifth Circuit Court of Appeals has used the same factors as the Ninth Circuit. *Itzep v. Target Corp.*, 543 F.Supp. 646, 653 (W.D. Tex. 2008). The Fifth Circuit has also applied a five-factor test similar to that used by the Second Circuit in the *Zheng* case. *Id.*

4

Defendant Elite Commercial Cleaning. There is no allegation that Brinker knew which employees worked or how many hours they worked.

Although Plaintiffs contend that every hour they worked was at Chili's and they used some equipment from the restaurants (they also used equipment from Worldwide), the Court finds that the factors indicating a joint employer are outweighed by those which indicate no such relationship between Plaintiffs and Brinker.

## CONCLUSION

For these reasons, Defendant Brinker's Motion to Dismiss (Docket No.15) is GRANTED, and Plaintiffs' claims against Defendant Brinker are DISMISSED. Defendant's Motion to Strike (Docket No. 25) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE